IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IMRAN NIAZI,

                Plaintiff,

v.

PRESSURE PRODUCTS MEDICAL SUPPLIES, INC.,

                Defendant.

ORDER

16-cv-670-jdp

---

      Plaintiff Imran Niazi brings this patent suit against defendant Pressure Products Medical Supplies, Inc., alleging infringement of Niazi's patent, U.S. Patent No. 6,638,268 (the '268 patent). The '268 patent, titled "Catheter to cannulate the coronary sinus," is directed to a double catheter for cannulating the coronary sinus of the human heart. Pressure Products has moved to dismiss Niazi's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. Pressure Products contends that the complaint fails to notify Pressure Products of what aspects of the accused products infringe the '268 patent and that the complaint does not plausibly allege that Pressure Products has infringed the '268 patent, either directly or indirectly.

      Niazi's allegations of direct infringement would easily pass muster under the pleading standard modeled in Form 18 of the Federal Rules of Civil Procedure. But as of December 1, 2015, the forms are no longer part of the federal rules, so the familiar *Twombly/Iqbal* pleading standard now applies. Exactly how that standard applies in patent cases is an open question in the Federal Circuit and the regional courts of appeals.[1] Pressure Products does not appear

---

[1] The law of the regional circuit, rather than the Federal Circuit, governs Rule 12(b)(6) motions in patent cases. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

to contend that *Twombly/Iqbal* requires a plaintiff to lay out its infringement allegations element-by-element in the complaint—which is a lot more than old Form 18 required—but it nevertheless contends that *Twombly/Iqbal* requires supporting facts that explain how an accused product infringes.

This court will not require plaintiffs to plead direct infringement element-by-element for two reasons. First, the old Form 18 approach is still generally sufficient to articulate a plausible claim for direct infringement. *Twombly/Iqbal* does not require a plaintiff to prove its case in the complaint, or even convince anyone that it has a good case. The allegations in the complaint just have to get over the low hurdle of plausibility. In most patent cases, identifying the claims asserted and the devices accused will be enough to do the job (assuming, of course, that the complaint includes the other necessities, such as allegations of patent ownership and jurisdiction). Here, the complaint identifies the patent at issue; it alleges that the '268 patent discloses and claims a double catheter; and it alleges that three of Pressure Products' double catheter products infringe claim 1 of the '268 patent. Niazi alleges that three accused products—the SafeSheath CSG Braided Core, the SafeSheath CSG Extruded, and the SafeSheath Worley LVI—infringe claim 1, which claims "an outer, resilient catheter having shape memory and a hook shaped distal end configured for cannulation of the coronary sinus with at least one curved bend," and "an inner, pliable catheter slidably disposed in the outer catheter and of greater length than the outer catheter so that a distal end portion of the inner catheter can be extended or retracted from a distal end opening of the outer catheter to vary the overall length of the double catheter." Dkt. 1, ¶¶ 9-12. The complaint plausibly alleges direct infringement.

Second, and more important, this court requires standardized pretrial disclosures that force both sides to lay out their core contentions element-by-element early in the case. Given that both sides will have to put their cards on the table relatively early in the case, motions attacking the pleadings are generally a waste of resources for the parties and the court.

Make no mistake: a patent plaintiff has to have a good faith basis for bringing suit in the first place, and that means the plaintiff has to have conducted an element-by-element analysis of the accused instrumentality before filing the complaint. But there are too many fair reasons why a plaintiff might be unable or justifiably reluctant to put that level of detail in the complaint, so this court will not require it. But the court sets a schedule by which both sides have to make early element-by-element disclosures of their infringement and invalidity cases. In a more complex, unusual case, the minimal approach might not establish a plausible allegation of direct infringement. But such cases will be rare, and this is not one of them. Pressure Products complains that Niazi has not pleaded facts that identify where each claim element is present in the accused product; Pressure Products does not contend that an element is conspicuously absent or that infringement is actually implausible.

Allegations of indirect infringement require a plaintiff to do more than identify the asserted claims and accused devices. "To state a claim for inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Nalco Co. v. Chem-Mod, LLC*, No. 14-cv-2510, 2015 WL 507921, at *3 (N.D. Ill. Feb. 4, 2015) (quoting *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)). To state a claim for contributory infringement, "in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for

which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'" *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)). "Both induced infringement and contributory infringement require a pleading of knowledge and/or specific intent." *Radiation Stabilization Sols., Inc. v. Varian Med. Sys., Inc.*, No. 11-cv-7701, 2012 WL 3757489, at *4 (N.D. Ill. Aug. 28, 2012).

Of course the factual support for the additional allegations of indirect infringement are typically in the control of the defendant, so these facts will often have to be alleged on information and belief. But Niazi's allegations are exceptionally conclusory. Niazi summarily alleges that Pressure Products "has induced and contributorily caused its customers to infringe the '268 patent." Dkt. 1, ¶ 20. Niazi alleges that Pressure Products "was aware" of the '268 patent, *id.* ¶ 21, and has "encouraged" direct-end users to use the accused products, *id.* ¶ 23. Niazi alleges that Pressure Products knew that the accused products "were made or adapted for a use that would infringe Niazi's '268 patent," and that the accused products do not have substantial non-infringing uses. *Id.* ¶¶ 25-26. Niazi's allegation of willfulness is similarly conclusory. *Id.* ¶ 27. Although the allegations need not be persuasive or supported by factual detail, the allegations must state plausible claims for relief. Niazi has simply recited claim elements.

That said, the parties will soon have their preliminary pretrial scheduling conference. This court's preliminary pretrial conference order will require Niazi to disclose soon precisely what Pressure Products is looking for, without the need for motion practice over the form of the complaint. If the core substantive contentions required by the scheduling order do not

provide all Pressure Products reasonably needs, it may serve contention interrogatories to get the rest. The court forewarns Niazi that he should be prepared to make these disclosures. And if Niazi is unable to make the required disclosures or adequately respond to contention interrogatories, his claims may not be long for this world.

## ORDER

IT IS ORDERED that defendant Pressure Products Medical Supplies, Inc.'s motion to dismiss, Dkt. 11, is DENIED.

Entered January 11, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge